```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

JASON SCHMITT                   *
                                *
v.                              *    Civil Action No. WMN-13-593
                                *
AVADANIAN & ADLER, LLC          *
et al.                          *
                                *
 *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

### ORDER

Plaintiff filed this case in February 2013 alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq.  On May 20, 2013, Plaintiff filed a "Notice of Settlement," ECF No. 3, stating that the parties had reached a settlement and requesting that the Court issue an Order under Rule 111 of the Local Rules.  The Notice also stated that "[t]he Plaintiff anticipates filing a notice of withdrawal of Complaint and voluntary dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(a) within 30 days," although Plaintiff never did so.  On May 21, 2013, the Court issued a standard Rule 111 Order, stating that the action was dismissed "without prejudice to the right of a party to move for good cause within 30 days to reopen this action if settlement is not consummated.  If no party moves to reopen, the dismissal shall be with prejudice."  ECF No. 4.  No party moved to reopen the action within those 30 days and, thus, this action was dismissed with prejudice.

On April 9, 2014, Plaintiff moved to reopen this action, ECF No. 5, representing that, while the parties executed a settlement agreement and release, Defendant has failed to make the required payments under that agreement.  This Court must deny the motion to reopen.  Plaintiff's FDCPA claim was dismissed with prejudice.  The only claim that Plaintiff might have against Defendant at this point is a claim for breach of the settlement agreement.  Except under circumstances that are not applicable in this action,[1] this Court has no jurisdiction over such a claim.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994); Columbia Gas Transmission Corp. v. Ashleigh Heights LLC, 261 F. Supp. 2d 332, 333 (D. Md. 2002).  Enforcement of the settlement agreement is a contract action for the state courts to resolve under state law, unless there is some independent basis for federal jurisdiction.  Kokkonen, 511 U.S. at 382.

Accordingly, IT IS this 20th day of May, 2014, by the United States District Court for the District of Maryland, ORDERED:

1) That Plaintiff's Motion to Reopen Case, ECF No. 5, is DENIED; and

---

[1] Where the order dismissing the original claim provides that the court will retain jurisdiction over the settlement agreement or where the order incorporate the terms of the settlement agreement, there can be ancillary jurisdiction to enforce the agreement.  Id. at 381.

2) That the Clerk of the Court shall transmit a copy of this Order to all counsel of record.

        _____/s/_____
        William M. Nickerson
        Senior United States District Judge